EFILED IN OFFICE
CLERK OF STATE COURT
HOUSTON COUNTY, GEORGIA
**2022-V-53969**
JASON E. ASHFORD
FEB 16, 2022 11:08 AM

Teresa Hathaway, Clerk of State Court
Houston County, Georgia

IN THE STATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ALFRED GREEN; and<br>DIANNE GREEN;<br><br>    Plaintiffs,<br><br>v.<br><br>WERNER ENTERPRISES, INC.; and<br>FERNANDO BATISTA;<br><br>    Defendants. | CIVIL ACTION<br><br>FILE NO. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COME NOW ALFRED GREEN and DIANNE GREEN, ("Plaintiffs"), by and through their counsel of record, and files this their Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on July 2, 2020, in Houston County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiffs sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 12:22 pm on July 2, 2020, in Houston County, Georgia.

3.

Plaintiffs are citizens of Bibb County, Georgia.

COMPLAINT FOR DAMAGES – Page 1

**EXHIBIT A**

4.

Defendant Fernando Batista ("Batista") resides at 826 Anza Avenue, Lehigh Acres, Lee County, Florida 33971, and pursuant to O.C.G.A. § 9-10-94 may be served with a copy of the Summons and Complaint at this address.

5.

Batista is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Batista is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Batista committed a tortious act and/or omission within the State of Georgia.

6.

Once served with process, Batista is subject to the jurisdiction and venue of this Court.

7.

Batista is subject to the jurisdiction of this Court.

8.

Defendant Werner Enterprises, Inc. ("Werner") is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Werner has a U.S. Department of Transportation Number 53467.

9.

Werner may be served with process by delivering a copy of the Summons and Complaint upon its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: National Resident Agent Service, Inc. c/o Rogers & Cates PC/David Lee Cates at 2300 Henderson Mill Road, Suite 330, Atlanta, DeKalb County, Georgia 30345.

EXHIBIT A

10.

Werner may also be served with process pursuant to O.C.G.A. § 9-10-94 by delivering a copy of the Summons and Complaint upon its registered agent: Corporate Creations Network, Inc. at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30006. Once served with process, Werner is subject to the jurisdiction and venue of this Court.

11.

Werner may also be served with process by delivering a copy of the Summons and Complaint pursuant to O.C.G.A. § 40-1-117 and O.C.G.A. § 40-12-1 as Werner is a non-resident motor carrier and is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in Georgia.

12.

Werner is subject to the jurisdiction of this Court.

13.

Venue in the above-styled civil action is proper in this County and Court pursuant to O.C.G.A. § 40-117(b), as Werner is a motor carrier and the Subject Incident giving rise to this action occurred in Houston County.

## FACTS

14.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

15.

On or about July 2, 2020, at approximately 12:22 pm, Plaintiff Alfred Green was operating a white 2013 Nissan Altima in the right lane traveling south on I-75.

16.

At all times relevant, Plaintiff Dianne Green was a passenger in Plaintiff Alfred Green's vehicle.

**EXHIBIT A**

17.

On or about July 2, 2020, at approximately 12:22 pm, Batista was operating a white 2019 International Prostar tractor-trailer in the center lane traveling south on I-75 directly to the left of Plaintiffs' vehicle.

18.

On or about July 2, 2020 at approximately 12:22 pm, Batista was operating the tractor-trailer during his course and scope of employment with Defendant Werner.

19.

Batista was driving under the Federal Motor Carrier and DOT authority of Defendant Werner and otherwise on dispatch by Defendant Werner and was a statutory employee under the Federal Motor Carrier Safety Regulation 49 CFR § 390.5.

20.

On or about July 2, 2020, at approximately 12:22 pm, Batista's vehicle began to merge into Plaintiffs' lane of travel.

21.

On or about July 2, 2020, at approximately 12:22 pm, Batista saw Plaintiffs' vehicle adjacent to his vehicle.

22.

On or about July 2, 2020, at approximately 12:22 pm, even though Batista saw Plaintiffs' vehicle travelling in the lane next to his vehicle, Batista was unable to control the Werner tractor-trailer.

23.

On or about July 2, 2020, at approximately 12:22 pm, even though Batista saw Plaintiffs' vehicle adjacent to his vehicle, Batista failed to maintain his lane of travel.

**EXHIBIT A**

24.

Suddenly and without warning to Plaintiffs, Batista crossed into Plaintiffs' lane of travel and slammed the Werner tractor-trailer into Plaintiffs' vehicle.

25.

Batista crossed into Plaintiffs' lane of travel and slammed the Werner tractor-trailer into the driver's side of Plaintiffs' vehicle, causing Plaintiffs' vehicle off of the roadway and onto the west shoulder of I-75.

26.

Plaintiff Alfred Green was able to regain control of his vehicle and reenter I-75 and into the middle lane.

27.

Immediately after Plaintiff Alfred Green reentered I-75, Batista again slammed the Werner tractor-trailer into the driver's side of Plaintiffs' vehicle, causing Plaintiffs' vehicle to spin in a counter-clockwise direction and forced Plaintiffs' vehicle off of the roadway and onto the east shoulder of I-75 and into a ditch causing Plaintiffs to suffer injuries.

28.

At all times related to the Subject Collision, Plaintiffs were acting in a reasonable and prudent manner.

29.

Defendants do not blame Plaintiffs for causing or contributing to the cause of the Subject Collision.

30.

Defendants are 100% at fault for causing the Subject Collision.

31.

No act or failure to act on the part of the Plaintiffs caused or contributed to the cause of the Subject Collision.

COMPLAINT FOR DAMAGES – Page 5

**EXHIBIT A**

32.

No act or failure to act on the part of any third party caused or contributed to the cause of the Subject Collision.

33.

No act or failure to act on the part of the Plaintiffs caused or contributed to the cause of Plaintiffs' claimed injuries.

34.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiffs' claimed injuries.

35.

Defendants agree that they should fairly compensate Plaintiffs for all injuries and damages that were caused by the Subject Collision.

36.

As a result of the collision, Plaintiffs suffered serious and permanent injuries and damages.

### COUNT I: NEGLIGENCE OF DEFENDANT FERNANDO BATISTA

37.

Plaintiffs re-allege and incorporate the preceding paragraphs 15-26 as if fully set forth herein.

38.

At all relevant times, Batista owed the following civil duties to Plaintiffs but violated those duties in the following ways:

a. Failing to maintain proper control of his vehicle;

b. Failure to maintain his lane of travel;

c. Failing to activate his turn signal;

d. Failing to keep a proper lookout for traffic;

e. Failing to make reasonable and proper observations while driving;

EXHIBIT A

- f. Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;
- g. Failing to keep an assured safe distance from Plaintiffs' vehicle;
- h. Failing to drive at a reasonable and prudent speed under the conditions;
- i. Failing to obey traffic laws;
- j. Operating a cellular mobile device while driving; and
- k. Otherwise failing to act reasonably and prudently as a driver should under the circumstances.
- l. Failing to follow the Hours of Service Regulations put out in the Federal Motor Carrier Safety Regulations, which could lead to being a fatigued driver.
- m. Failing to follow the mandatory drug and alcohol testing requirements put out in the Federal Motor Carrier Safety Regulations, which could lead to driving impaired.

39.

Batista was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

- a. Turning Movements; Signals Required on Turning, Changing Lanes, Slowing, or Stopping (O.C.G.A. §40-6-123);
- b. Driving on Roadways Laned for Traffic (O.C.G.A. § 40-6-48);
- c. Failing to Drive with Due Care (O.C.G.A. § 40-6-241);
- d. Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);
- e. Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and
- f. Reckless Driving (O.C.G.A. § 40-6-390).

40.

As a result of Batista's negligence, Plaintiffs suffered severe and permanent injuries.

COMPLAINT FOR DAMAGES – Page 7

**EXHIBIT A**

## COUNT II: NEGLIGENCE OF WERNER ENTERPRISES, INC.

39.

Plaintiffs re-allege and incorporate the preceding paragraphs 15-26 and 47-50 as if fully set forth herein.

40.

At all times material hereto, Batista was an employee of Werner.

41.

At all times material hereto, Batista was acting within the scope and course of his employment with Werner.

42.

At all times material hereto, Batista was an agent of Werner.

43.

At all times material hereto, Batista was acting within the scope and course of his agency with Werner.

44.

At all times material hereto, Batista was authorized by Werner to operate the tractor-trailer that was involved in the collision described in this Complaint.

45.

Werner is liable for the negligent actions and omissions of Batista pursuant to the doctrine of *respondeat superior*.

46.

Werner was the owner of the tractor-trailer operated by Batista and is therefore liable for damages caused in this case.

47.

Werner was also itself negligent in the following ways:

**EXHIBIT A**

   a.   Negligently hiring or contracting with Defendant Fernando Batista to drive the vehicle at issue;

   b.   Negligently training Defendant Fernando Batista;

   c.   Negligently entrusting Defendant Fernando Batista to drive the vehicle professionally;

   d.   Negligently retaining Defendant Fernando Batista to drive the vehicle at issue;

   e.   Negligently qualifying Defendant Fernando Batista;

   f.   Failing to supervise Defendant Fernando Batista; and

   g.   Otherwise failing to act as a reasonably prudent company under the circumstances.

48.

As a direct and proximate result of the negligence of Batista and Werner in the ensuing collision, Plaintiffs sustained severe and permanent injuries.

49.

Werner is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiffs.

### COUNT III: COMBINED AND CONCURRING NEGLIGENCE

50.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

51.

Werner and Batista acted in a manner which either alone, and/or combined, directly and proximately caused the collision and Plaintiffs' injuries.

52.

As a direct and proximate result of the negligence of the Defendants, Plaintiff Alfred Green has incurred medical expenses in excess of $88,321.53.

53.

As a direct and proximate result of the negligence of the Defendants, Plaintiff Dianne Green has incurred medical expenses in excess of $93,339.91.

54.

As a direct and proximate result of the negligence of the Defendants, Plaintiff Alfred Green sustained injuries to his neck, low back, right hand, and right shoulder.

55.

As a direct and proximate result of the negligence of the Defendants, Plaintiff Dianne Green sustained injuries to her neck and right shoulder

56.

As a direct and proximate result of the negligence of Werner and Batista, Plaintiffs were physically injured and have suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, loss of consortium, and related damages.

57.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiffs are entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

WHEREFORE, Plaintiffs pray that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against each Defendant;

**EXHIBIT A**

c.  For judgment against each Defendant to compensate Plaintiffs for their past and future injuries and damages;

d.  For judgment against each Defendant for attorneys' fees and expenses of litigation;

e.  Court costs, discretionary costs, and prejudgment interest; and

f.  For all such further and general relief which this Court deems just and proper.

Dated this 16th day of February, 2022.

WLG Atlanta, LLC

/s/ Ashley Pitts
Ashley Pitts
Georgia State Bar Number 481759
Attorney for Plaintiffs

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:  404-905-6020
Facsimile:  470-880-5095
E-Mail:  ashley.pitts@witheritelaw.com

Kenneth S. Nugent, P.C.

/s/ Mark G. Pitts
Mark G. Pitts
Georgia State Bar Number 006250
Attorney for Plaintiffs

300 Mulberry Street, Suite 106
Macon, GA 31201
Telephone:  478-746-4048
Email:  mpitts@attorneykennugent.com

**EXHIBIT A**