IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ALFRED GREEN and DIANNE GREEN,**  *Plaintiffs,*  v.  **WERNER ENTERPRISES, INC., and FERNANDO BATISTA,**  *Defendants.* | **CIVIL ACTION NO. 5:22-cv-00169-TES** |

**ORDER DENYING MOTION TO REMAND**

Before the Court is Plaintiff Alfred and Dianne Green's Motion to Remand [Doc. 13] their case arising from a motor vehicle collision back to the State Court of Houston County, Georgia. [Doc. 13-1, ¶ 1]. Prior to removal, Plaintiffs filed notice of their complaint under Georgia's Uninsured Motorist Act, as required by O.C.G.A. § 33-7-11(d), and subsequently served Defendants Werner Enterprises, Inc.; Fernando Batista; and State Farm Mutual Automobile Insurance Company—the uninsured motorist carrier in this case. [Doc. 13, p. 1]; *see also* [Doc. 1, p. 2].

### A.  Legal Standard

Civil actions brought in state courts of which the federal courts have original jurisdiction may be removed by the defendant to a proper district court of the United States. 28 U.S.C. § 1441(a). Original jurisdiction may be based on a federal question or

on diversity of citizenship. 28 U.S.C. §§ 1331–32. The Court must look to a plaintiff's complaint to determine whether removal was appropriate. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The defendant bears the burden of proving that federal jurisdiction exists. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). Removal statutes are strictly construed, and all doubts regarding federal-court jurisdiction must be resolved in favor of a remand to state court. *See Burns*, 31 F.3d at 1095.

### B.  Plaintiffs' Motion to Remand

Importantly, Plaintiffs do not argue that the Court should remand their case for a lack of subject-matter jurisdiction, *i.e.*, for a lack of diversity jurisdiction. *See generally* [Doc. 13]; *see also* [Doc. 16, p. 1]. Instead, relying on *Bailey v. Janssen Pharmaceutica, Inc.*, Plaintiffs base their request for remand on a lack of unanimity or consent from each defendant that had been served at the time of removal. 536 F.3d 1202, 1207 (11th Cir. 2008); *see* [Doc. 13, pp. 3–5]. "The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective." *Bailey*, 536 F.3d at 1207. According to Plaintiffs' motion, only Defendants Werner and Batista joined in the Notice of Removal [Doc. 1]. [Doc. 13, p. 2]. Simply put, Plaintiffs argue that remand is appropriate because State Farm did not consent to and join in removal. *See, e.g.*, [Doc. 13, p. 5 ("Defendants [Werner and Batista] have not met their burden of showing there

was consent and unanimity of all of the defendants prior to filing their notice of removal.")].

However, as Defendants Werner and Batista argue in their Response[1] [Doc. 16], "an uninsured motorist carrier is not a party to a lawsuit until 'the insured first sue[s] and recover[s] a judgment against an uninsured motorist." [Doc. 16, p. 4 (quoting *State Farm Mut. Auto Ins. Co. v. Noble*, 430 S.E. 804, 805 (Ga. Ct. App. 1993))]. State Farm, accordingly, was not a proper party to Plaintiffs' lawsuit at the time of removal.[2] And since State Farm wasn't, as Plaintiffs refer to it, Defendant Werner and Batista's "co-defendant," its consent was not required in order to satisfy *Bailey*'s unanimity requirement. 536 F.3d at 1207; *see, e.g.*, [Doc. 13, pp. 1–2, 5].

Accordingly, the Court **DENIES** Plaintiffs' Motion to Remand [Doc. 13] based on their argument that unanimity and consent were lacking between "all of the defendants in this case." [Doc. 13, p. 5].

**SO ORDERED**, this 23rd day of June, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Defendants Werner and Batista filed their Response on June 8, 2022. Therefore, Plaintiffs had until June 22, 2022, to submit a Reply for the Court's consideration. LR 7.3, MDGa. Plaintiffs did not file a Reply.

[2] After Plaintiffs filed their motion to remand, they, along with Defendants Werner and Batista filed a "Consent Motion and Agreement for Dismissal of Uninsured/Underinsured Motorists Insurance Carrier Without Prejudice Pursuant to *Yarbrough v. Dickinson*" ("*Yarbrough* Dismissal") [Doc. 19]. 359 S.E.2d 235 (Ga. Ct. App. 1987). The Court granted the parties' *Yarbrough* Dismissal; thus, terminating State Farm as a party to this case. [Doc. 20].